### GULF STATE REFINERY et al. v. SLAY et al.

No. 23162.   Oct. 22, 1935.

Pierce Follens & Rucker, for petitioner.

John Steele Batson and the Attorney General, for respondents.

PER CURIAM. This proceeding was begun December 12, 1931, by filing a petition to review an award of the State Industrial Commission. The answer of the Attorney General was filed December 15th, and thereafter the Industrial Commission was ordered to certify the record upon payment of costs of transcript by petitioner, and petitioner was granted 20 days from the date of the filing of the transcript to brief. No brief or transcript has been filed.

On September 16, 1935, this court ordered the petitioner to show cause why an order should not be entered affirming the award of the State Industrial Commission. Petitioner then filed a petition for nunc pro tunc order, in which it is stated that on the 9th day of March, 1932, by agreement of parties, all of the controversies involved in the appeal were settled, and an order entered by the State Industrial Commission approving settlement as shown by the copy of the order attached thereto. Petitioner further stated that it was agreed between the parties that it was their intention that said cause be dismissed, but that through oversight or error of both parties no order was obtained from this court dismissing the appeal.

A response was called for by this court under date of October 1, 1935, and on October 8, 1935, a response to the petition for said nunc pro tunc order was filed, in which it is stated that this court is without jurisdiction to enter an order nunc pro·tunc, because no order of dismissal was ever entered and it would be improper at this time to enter such an order.

Upon the state of the record we conclude that the controversy involved in the proceeding has become moot and the proceeding is dismissed at the cost of petitioner.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.